IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ROBERT JAMES WALKER, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv243 |
| ZENA STEPHENS, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Robert James Walker, Jr., proceeding *pro se*, filed this civil rights lawsuit against Zena Stephens, the sheriff of Jefferson County, Texas, Rose Nabors, a lieutenant with the Jefferson County Sheriff's Department, and the Jefferson County Sheriff's Department. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

This Report and Recommendation considers the claims against defendant Stephens and the Sheriff's Department

Factual Allegations

On March 17, 2021, plaintiff was incarcerated at the Jefferson County Correctional Facility. He states that after a fight, Lieutenant Robertson placed him in handcuffs. Plaintiff states he asked her to loosen the handcuffs. Plaintiff states that as Lieutenant Robertson was about to loosen the handcuffs, defendant Nabors came in and told Lieutenant Roberston to move. Defendants Nabors then grabbed the handcuffs and pushed plaintiff's arm all the way up his back until his arm and wrist snapped. Plaintiff states he was cooperative throughout the incident and was not resisting.

Standard of Review

Pursuant to 28 U.S.C. § 1915A, a district court must dismiss a complaint if it determines the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." "A district court may dismiss as frivolous the complaint of a prisoner proceeding [*in forma pauperis*] if it lacks an arguable basis in law or fact." *Geigers v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint may be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Analysis

*Claim Against Defendant Stephens*

In order to successfully plead a cause of action in a civil rights case, a plaintiff must assert a set of facts that illustrate a defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Plaintiff alleges defendant Nabors used excessive force against him. However, he does not allege defendant Stephens participated in the use of force.

As a result, the only way defendant Stephens could be liable for the alleged acts of defendant Nabors is through her status as a supervisory official. However, under Section 1983 supervisory officials are not responsible for the actions of their subordinates on any vicarious liability theory. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). A supervisory official may be held liable only if she implemented a policy that constituted a repudiation of constitutional rights and was the moving force behind the constitutional violation. *Id*. Here, plaintiff does not allege defendant

Stephens implemented an unconstitutional policy which led to the harm he suffered.  As a result, plaintiff's allegations against defendant Stephens fail to state a claim upon which relief may be granted.

*Claim Against the Jefferson County Sheriff's Department*

Plaintiff also names the Jefferson County Sheriff's Department as a defendant.  In order for an entity to be a party to a lawsuit, the entity must have the capacity to sue or be sued.  *Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993).  The Sheriff's Department, as at best a subdepartment of a local governmental entity, does not have a sufficiently separate legal interest to enable it to be named as a defendant in a lawsuit.  *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991).  However, as plaintiff is proceeding *pro se*, his claim against the Sheriff's Department will be liberally construed as a claim against Jefferson County.

Jefferson County cannot be held liable under 42 U.S.C. § 1983 for the actions of its employees based on a theory of *respondeat superior*.  *Monell v. New York Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  A governmental entity such as Jefferson County may only be held liable for a constitutional violation if the violation is the result of official policy or custom of the entity.  *Id*.

An official policy or custom can be established in several ways.  An official policy may be a policy statement, ordinance, regulation or decision that has been officially adopted and promulgated by a policymaker.  *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984).  A policy may also arise from a "persistent, widespread practice of city official or employees which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy."  *Id*.  Finally, a policy or custom may be considered to exist where the need to take some action is so obvious, and the inadequacy of

existing training so likely to result in the violation of constitutional rights, that a municipality's failure to train its employees demonstrates a "deliberate indifference" to the rights of citizens. *City of Canton v. Harris*, 489 U.S. 389-90 (1989).

Plaintiff has failed to identify any policies or customs of Jefferson County which led to the actions allegedly taken by defendant Nabors. The allegations against Jefferson County therefore fail to state a claim upon which relief may be granted.

## Recommendation

This claims against Jefferson County and defendant Stephens should be dismissed for failure to state a claim upon which relief may be granted.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 3rd day of October, 2023.

_____
Zack Hawthorn
United States Magistrate Judge