IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ROBERT JAMES WALKER, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv243 |
| ROSE NABORS | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Robert James Walker, Jr., formerly an inmate confined at the Jefferson County Correctional Facility ("JCCF"), proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Rose Nabors. Plaintiff alleges the defendant used excessive force against him. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is a motion to dismiss filed by the defendant pursuant to Federal Rule of Civil Procedure 12(b)(6).

### Factual Allegations

Plaintiff states that on March 17, 2021, he was involved in a fight. After the fight, he was placed in handcuffs by Lieutenant Robertson. Plaintiff alleges that when he asked the lieutenant to loosen the cuffs, the defendant grabbed the cuffs and pushed his arms all the way up his back. He states that as a result of the defendant's actions, his arm and wrist snapped.

### The Motion to Dismiss

In the motion to dismiss, the defendant asserts, *inter alia*, that this case should be dismissed because plaintiff failed to exhaust his administrative remedies before filing his lawsuit. The motion recites that the JCCF has a two-step grievance prcess.

### Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief may be granted. When considering a motion filed pursuant to Rule 12(b)(6), all well-pleaded facts must be viewed in the light most favorable to the plaintiff. *Hale v.*

*King*, 642 F.3d 492, 498 (5th Cir. 2011). However, while a complaint does not need detailed factual allegations, the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544. 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555.

<u>Analysis</u>

Title 42 U.S.C. § 1997e(a) requires prisoners to exhaust administrative remedies before filing a civil rights action. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). The statute provides, "No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as a available are exhausted." Exhaustion of administrative remedies is mandatory and is intended to give correctional officials an opportunity to address complaints internally before initiation of a federal lawsuit. *See Porter v. Nussle*, 534 U.S. 516, 525 (2002). The exhaustion requirement applies to all inmate lawsuits concerning prison life, whether they involve general circumstances or particular episodes. *Id*. at 532. In addition, prisoners must exhaust administrative remedies before filing a lawsuit regardless of the type of relief prayed for in the complaint. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

In his complaint, plaintiff admits that he did not exhaust all steps of the grievance process at the JCCF. He therefore failed to exhaust his administrative remedies before filing this lawsuit. As a result, the defendant's motion to dismiss should be granted.

<u>Recommendation</u>

The defendant's motion to dismiss (doc. no. 13) should be granted and this lawsuit dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

<u>Objections</u>

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report.  28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 20th day of December, 2023.

_____
Zack Hawthorn
United States Magistrate Judge